UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>RAGO TIRES, LLC,<br><br>    Defendant, | Court No.  24-00043 |

# **COMPLAINT**

   The United States, through its undersigned attorneys, brings this action against defendant Rago Tires, LLC, and alleges the following:

   1.  This is an action to enforce a monetary civil penalty pursuant to 19 U.S.C. § 1592.

   2.  Pursuant to 28 U.S.C. § 1582, this Court possesses exclusive jurisdiction to entertain this action.

   3.  Upon information and belief, Rago Tires, LLC (Rago Tires), is a California limited liability company with its principal place of business at 7101 Jackson Street, Paramount, California 90723.

   4.  At all times relevant to the matters described in this complaint, Rago Tires was a tire repair shop and an importer of tires, including truck and bus tires.

   5.  On February 15, 2019, the Department of Commerce (Commerce) published its antidumping duty order (ADD Order) in antidumping duty case number A-570-040-000 and its countervailing duty order (CVD Order) in countervailing duty case number case number C-570-041-000, which directed U.S. Customs and Border Protection (Customs) to collect antidumping

1

duties of 2.83% *ad valorem* and countervailing duties of 42.16% *ad valorem* on truck and bus tires from the People's Republic of China (China).  *See Truck and Bus Tires From the People's Republic of China: Amended Final Determination and Countervailing Duty Order*, 84 Fed. Reg. 4434-01 (Dep't of Commerce Feb. 15, 2019); *Truck and Bus Tires From the People's Republic of China: Antidumping Duty Order*, 84 Fed. Reg. 4436-01 (Dep't of Commerce Feb. 15, 2019). Both the ADD Order and the CVD Order expressly cover merchandise classifiable under subheading 4011.20.1015 of the Harmonized Tariff Schedule of the United States (HTSUS).  *Id*.

6. On or about February 18, 2019, through entry number 9RQ15125606, Rago Tires caused to be entered or introduced into the commerce of the United States certain merchandise, consisting of tires from China classified under HTSUS number 4011.20.1015.  The total domestic value of the tires in entry number 9RQ15125606 was $60,008.53.

7. The merchandise at issue was entered or introduced into the commerce of the United States by means of false statements, acts, or omissions.  Specifically, in entry number 9RQ15125606, Rago Tires identified the correct HTSUS number for the tires, but falsely stated that the entry was a "Type 01" entry, that is, not subject to the applicable ADD and CVD Orders. Tires from China entered under HTSUS number 4011.2010.15 were subject to both the ADD and CVD Orders identified in paragraph 5 above.

8. Rago Tires's false statement that its entry was a Type 01 entry not subject to antidumping and countervailing duty orders was material in that it had the potential to, and did, impact Customs's determination regarding the amount of duties owed at the time of entry of the tires in entry number 9RQ1525606.

9. Further, Rago Tires's material false statement that the imported tires were not subject to antidumping and countervailing duties was made with actual knowledge of or with

wanton disregard for the fact that the tires were subject to the applicable ADD and CVD Orders and with indifference to and disregard of Rago Tires's obligations to truly declare that the tires were subject to the ADD and CVD Orders.

10. Rago Tires did not prepare its entry summary for entry number 9RQ1525606 until February 28, 2019, more than two weeks after Commerce published the applicable ADD and CVD Orders.

11. Despite having regularly imported truck and bus tires from China under HTSUS number 4011.2010.15 for fourteen months prior to the publishing of the applicable ADD and CVD Orders, Rago Tires falsely declared entry number 9RQ1525606 as Type 01 and then abruptly ceased importing the same classification of tires even before the falsely declared entry was discovered by Customs.

12. In addition to falsely stating the tires were not subject to the applicable ADD and CVD orders, Rago Tires did not pay the required cash deposits on entry for importing merchandise subject to antidumping and countervailing duty orders. Rago Tires was required to pay a total of $14,108.87 in cash deposits.

13. On or about May 30, 2019, upon review by import specialists at the Automotive and Aerospace Center of Excellence and Expertise, Customs rejected entry 9RQ15125606. In rejecting the entry, Customs directed Rago Tires to correct the entry type from Type 01 to "Type 03" to reflect that that tires were subject to the applicable ADD and CVD Orders. Customs further directed Rago Tires to pay the cash deposit described in paragraph 12 above.

14. On or about June 28, 2019, Rago Tires finally corrected the entry by identifying that the tires were Type 03 and thus subject to the applicable ADD and CVD Orders. Rago Tires

did not pay the cash deposit at that time, however. Rago Tires instead affixed "Surety #998" on the entry summary near the applicable ADD and CVD Order numbers.

15.   Rago Tires eventually paid the outstanding antidumping and countervailing duties that were owed.

16.   On or about March 31, 2022, Customs sent a pre-penalty notice to Rago Tires outlining that Customs intended to issue a penalty based on gross negligence for up to four times of the loss of revenue, totaling $56,435.48. Customs also informed Rago Tires that Customs might also, in the alternative, issue a penalty based on negligence for up to two times of the loss of revenue, totaling $28,217.74. Rago Tires did not respond to the pre-penalty notice.

17.   On or about May 18, 2022, Customs issued a penalty to Rago Tires in the amount of $56,435.48. Customs determined that Rago Tires was grossly negligent with respect to entry 9RQ15125606. Customs also found, in the alternative, that Rago Tires was negligent with the respect to the entry.

18.   Rago Tires did not respond to the penalty issued by Customs, and despite subsequent bills sent by Customs to Rago Tires, Rago Tires has yet to pay any portion of the penalty issued by Customs.

19.   Customs has exhausted all administrative remedies and Rago Tires has not paid any portion of the $56,435.48 penalty demanded.

## COUNT I

20.   The allegations contained in paragraphs 1 through 19 above are restated and incorporated by reference.

21.   Rago Tires made the material false statement, described in paragraphs 6 through 11 above, with actual knowledge of or wanton disregard for the relevant facts and with

indifference to or disregard for its obligations under the statute, and thus its action constitutes a grossly negligent violation of 19 U.S.C. § 1592(a).

22. As a result of the grossly negligent violation of 19 U.S.C. § 1592(a) described above, defendant Rago Tires is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a monetary civil penalty in the amount of $56,435.48, which is an amount that does not exceed four times the lawful duties of which the United States was or may have been deprived or the domestic value of the merchandise.

23. No part of the $56,435.48 having been paid, defendant Rago Tires remains liable to the United States for the entire $56,435.48 penalty, plus interest as provided by law.

## COUNT II

24. The allegations contained in paragraphs 1 through 23 above are restated and incorporated by reference.

25. In the event that the Court determines that the act described in paragraphs 6 through 11 above was not the result of gross negligence, then it was the result of negligence in violation of 19 U.S.C. § 1592(a).

26. As a result of its negligent violation of 19 U.S.C. §§ 1592(a)(1), defendant Rago Tires is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a penalty of $28,217.74, which represents an amount equal to two times the lawful duties of which the United States was or may have been deprived.

27. No part of the $28,217.74 penalty having been paid, defendant Rago Tires remains liable to the United States for a penalty in the amount of $28,217.74, plus interest as provided by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, the United States respectfully requests the Court:

(A)     Enter judgment for the United States in the amount of $56,435.48, plus post-judgment interest, costs, and other such relief as may be just and appropriate against defendant Rago Tires for a grossly negligent violation of 19 U.S.C. § 1592(a).

(B)     In the alternative, if the Court finds that defendant Rago Tires is liable for a negligent violation of 19 U.S.C. § 1592(a), enter judgment for the United States in the amount of $28,217.74, plus post-judgment interest, costs, and other such relief as may be just and appropriate against Rago Tires for a negligent violation of 19 U.S.C. § 1592(a).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Christopher A. Berridge
Christopher A. Berridge
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0537

February 14, 2024                                        Attorneys for Plaintiff