UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 24-00043 |
| v. | ) ) | |
| RAGO TIRES, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

**AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Pursuant to Rule 55(b) of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully requests that the Court enter default judgment against defendant Rago Tires, LLC (Rago Tires).

**BACKGROUND**

This is an action brought pursuant to 19 U.S.C. § 1592 to recover a civil penalty relating to Rago Tires' gross negligence in its entry of tires from China.

On February 15, 2019, the Department of Commerce (Commerce) published its antidumping duty order A-570-040-000 (ADD Order) and its countervailing duty order C-570-041-000 (CVD Order) which directed U.S. Customs and Border Protection (CBP) to collect antidumping duties of 2.83% *ad valorem* and countervailing duties of 42.16% *ad valorem* on truck and bus tires from the People's Republic of China (China). Compl. at ¶ 5, Feb. 14, 2024, ECF No. 2; *See also Truck and Bus Tires From the People's Republic of China: Antidumping Duty Order*, 84 Fed. Reg. 4436-01 (Dep't of Commerce Feb. 15, 2019); *Truck and Bus Tires From the People's Republic of China: Amended Final Determination and Countervailing Duty*

*Order*, 84 Fed. Reg. 4434-01; Decl. of Reggie Rankin in Supp. of Pl.'s Mot. for Default J. (Decl.), ¶ 6-9; Decl. Attachs. B-E.  Both the ADD Order and the CVD Order expressly cover merchandise classifiable under subheading 4011.20.1015 of the Harmonized Tariff Schedule of the United States (HTSUS).  Compl. at ¶ 7; Decl. Attach. B at 6; Decl. Attach. C at 3; Decl. Attach. D at 4; Decl. Attach. E at 4.

On or about February 18, 2019, three days after the applicable ADD and CVD Orders took effect, Rago Tires caused to be entered or introduced into the United States certain merchandise, consisting of tires from China classified under HTSUS number 4011.20.1015 in entry number 9RQ15125606.  Compl. at ¶ 6; Decl. Attach. A.  The total domestic value of the tires in the entry was $60,008.53.  Compl. at ¶ 6; Decl. Attach. I at 3.  In the entry, Rago Tires identified the correct HTSUS number for the tires, but falsely stated that the entry was a "Type 01" entry, which are not subject to the applicable ADD and CVD Orders.  Compl. at ¶ 7; Decl. Attach. A.  Tires from China entered under HTSUS 4011.20.1015 are subject to both the ADD and CVD Orders identified above, and therefore must be classified as "Type 03."  Compl. at ¶ 7. Rago Tires did not prepare its entry summary for entry number 9RQ1525606 until February 28, 2019, more than two weeks after Commerce published the applicable ADD and CVD Orders. Compl. at ¶ 10; Decl. Attach. A.  Following the entry of the tires falsely declared as Type 01, and before the falsely declared entry was discovered by CBP, Rago Tires abruptly ceased importing the same classification of tires.  *Id.* at ¶ 11.

Because of Rago Tires' false statement that its entry was a Type 01 entry not subject to antidumping and countervailing duty orders, CBP did not collect duties owed at the time of entry. Compl. at ¶ 8; Decl. at ¶ 15.  As such, Rago Tires did not pay the required cash deposits on entry for importing merchandise subject to antidumping and countervailing duty orders.  Compl. at

¶ 12; Decl. at ¶ 15.  Rago Tires was required to pay a total of $14,108.87 in cash deposits.  Compl. at ¶ 12; Decl. at ¶ 15.

On or about May 30, 2019, upon review by import specialists, CBP rejected entry 9RQ15125606.  Compl. at ¶ 13.  In rejecting the entry, CBP directed Rago Tires to correct the entry type from Type 01 to Type 03 to reflect that the tires were subject to the applicable ADD and CVD Orders.  *Id.*  CBP further directed Rago Tires to pay the cash deposit required.  *Id.*

On or about June 28, 2019, Rago Tires finally corrected the entry by identifying that the tires were Type 03 and thus subject to the Commerce's ADD and CVD Orders.  Compl. at ¶ 14; Decl. Attach. F.  However, Rago Tires did not pay the cash deposit at that time, and instead affixed "Surety #998" on the entry summary near the applicable ADD and CVD Order numbers.  Compl. at ¶ 14; Decl. Attach. F at 2.  Rago Tires eventually paid the outstanding antidumping and countervailing duties that were owed.  Compl. at ¶ 15.

On or about March 31, 2022, CBP sent a pre-penalty notice to Rago Tires outlining that CBP intended to issue a penalty based on gross negligence for up to four times the loss of revenue, totaling $56,435.48.  Compl. at ¶ 16; Decl. Attach. I.  Rago did not respond to the pre-penalty notice.  Compl. at ¶ 16.

On or about May 18, 2022, Customs issued a penalty to Rago Tires in the amount of $56,435.48.  Compl. at ¶ 17; Decl. Attach. J.  CBP determined that Rago Tires was grossly negligent with respect to entry 9RQ15125606.  Compl. at ¶ 17; Decl. Attach. J.  Rago Tires did not respond to the penalty issued by CBP, nor pay any portion of the penalty or subsequent bills sent by CBP in August and September 2022.  Compl. at ¶ 18; Decl. Attach. K; *see also* Attachment B to the Government's Response to Court's Letter and Alternative Motion for

Extension of Time to Serve and Authorize Service by Mail or Publication, June 28, 2024, ECF No. 6.

The United States filed its complaint on February 14, 2024. After service by mail could not be confirmed, the United States pursued service via publication with the *Los Angeles Times* in accordance with both the Court's order and California Service law. Pl. Status Report and Notice Of Service at 1, Aug. 19, 2024, ECF No. 9. Following the July 26, 2024 publication of the summons, the *Los Angeles Times* published the summons three additional times on three consecutive weeks. *Id.* Because the Court granted permission to pursue service by publication, and because the summons was published in the *Los Angeles Times*, the paper most likely to provide notice to Rago Tires and its registered agent, service was perfected according to California law. Cal. Gov't Code §§ 6000, 6064; Cal. Civ. Proc. Code § 415.509(b).

Pursuant to USCIT R. 12(a)(1)(B), service upon Rago Tires' registered agent triggered the obligation to answer or otherwise respond to the complaint no later than September 9, 2024. Fed. R. Civ. P. 12(a)(1)(B). On December 9, 2024, pursuant to USCIT R. 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as prescribed by these rules . . . , the clerk shall enter the party's default," the United States requested that the Clerk enter default against Rago Tires. Request for Entry of Default, Dec. 9, 2024, ECF No. 10. The Clerk entered default against Rago Tires on December 10, 2024. Entry of Default, ECF No. 11.

## ARGUMENT

### I. Standard Of Review

This Court possesses exclusive jurisdiction to entertain claims by the United States that seek to recover unpaid customs duties and assess penalties against persons that enter merchandise into the United States pursuant to material false statements. 28 U.S.C. § 1582(1);

19 U.S.C. § 1592.  The Court reviews all issues, including the culpability levels and the amount of penalties owed, *de novo*.  19 U.S.C. § 1592(e)(1).

In this Court, "parties must meet their burdens of proof regarding [culpability] by a preponderance of the evidence.  The court may determine liability and assess penalties as a matter of law when the uncontroverted facts support such a determination." *United States v. Matthews*, 533 F. Supp. 2d 1307, 1313 (Ct. Int'l Trade 2007) (citing *United States v. New-Form Mfg. Co., Ltd.*, 277 F. Supp. 2d 1313 (Ct. Int'l Trade 2003)).  In reviewing motions for default judgment, the Court accepts all factual allegations as true and assesses whether the Government's demand is within the bounds of remedies available under section 1592.  "In examining a penalty enforcement action, the court must consider both whether the penalty imposed has a sufficient basis in law and fact, and whether Customs accorded the importer all the process to which [it] is entitled by statute and regulation." *United States v. Green Planet, Inc.*, 494 F. Supp. 3d 1356, 1359-60 (Ct. Int'l Trade 2021) (cleaned up).

## II.  Rago Tires Is Liable For A Gross Negligence Penalty Pursuant To Section 1592(a)

### A.  Civil Penalties For Violations Of 19 U.S.C. § 1592

Civil penalties imposed for violations of 19 U.S.C. § 1592 are dependent upon the degree of culpability.  A civil penalty issued for a violation of 19 U.S.C. § 1592(a) may never exceed the domestic value of the merchandise.  19 U.S.C. § 1592(c).  It does not here, where CBP determined that the domestic value of the entry was $60,008.53, then assessed a penalty of $56,435.48 for gross negligence, and $28,217.74 alternatively for negligence, based on a lost revenue calculation of $14,108.87.  When lesser than the domestic value, a gross negligence penalty based upon a revenue-loss violation can equal up to four times the lawful duties, taxes, and fees of which the United States is or may be deprived, 19 U.S.C. § 1592(c)(2)(A)(ii).

### B. Rago Tires' Classification Of Entry 9RQ15125606 As A Type 01 Entry Constitutes A Material False Statement Or Omission

Section 1592 provides for the imposition of "[penalties] for fraud, gross negligence, and negligence" in the entry of merchandise into the United States. "[N]o person by fraud, gross negligence, or negligence – (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of – (i) any document or electronically transmitted data or information, written, or oral statement, or act which is material or false, or (ii) any omission which is material." 19 U.S.C. § 1592(a).

A document, statement, act or omission is material if it has "the natural tendency to influence or is capable of influencing agency action including…determination of the classification, appraisement or admissibility of merchandise." *United States v. Jac Natori Co., Ltd.*, 108 F.3d 295, 298 (Fed. Cir. 1997); 19 C.F.R. Part 171, Appx. B(B)(1). HTSUS classifications of merchandise as presented in customs entry documentation have the tendency to influence decisions in assessing duties and are therefore a material statement under section 1592(a). *United States v. Optrex America, Inc.*, 560 F. Supp. 2d 1326, 1336 (Ct. Int'l Trade 2008). The statute does not define the term "false," and thus it is defined according to its ordinary meaning. *United States v. Rockwell Automation Inc.*, 462 F. Supp. 2d 1243, 1248 (Ct. Int'l Trade 2006) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)). According to Black's Law Dictionary, a statement is "false" when it is "untrue" or "[n]ot genuine; inauthentic." *Id.* (quoting *Black's Law Dictionary* 635 (8th ed. 2004)).

In the case at hand, Rago Tires' importation of the tires under a Type 01 classification, which is not subject to the applicable ADD and CVD Orders, instead of under a Type 03 classification, constitutes a false statement or omission that was material. Failure to properly classify the tires led CBP's failure to collect the applicable duties when the duties were due.

Further, Rago Tires acknowledges its false statement. Rago Tires eventually identified that the tires were Type 03 and thus subject to the applicable ADD and CVD Orders and affixed Surety 998 on the entry summary near the applicable ADD and CVD Order numbers. Because Rago Tires made a false statement or omission in its classification of the tires that materially affected CBP's duty determination, and eventually acknowledged its false categorization, there is no genuine question about a material false statement in this case.

      C.      **Rago Tires' Material False Statement Or Omission Was A Grossly Negligent Violation Under 19 U.S.C. § 1592(a)(1)**

Upon determination that a statement or omission is material, CBP then examines whether the statement or omission is the result of fraud, gross negligence, or negligence. 19 U.S.C. § 1592(a)(1)(A). A grossly negligent violation is done with "actual knowledge of or wanton disregard for the relevant facts and with indifference to or disregard for the offender's obligations under the statute." 19 C.F.R. § Pt. 171, App. B(C)(2); *see also United States v. Ford Motor Co.*, 463 F.3d 1286, 1292 (Fed. Cir. 2006). The Government carries the burden of proof to show that the material false statement or material omission occurred as a result gross negligence. 19 U.S.C. § 1592(e)(3).

A determination of gross negligence involves a determination of intent, and is thus an issue of fact, not of law. *Ford Motor Co.*, 463 F.3d at 1292. Failure of a company to identify the dutiable portions of orders, without any explanation as to why may constitute gross negligence. *Id.* at 1293. Further, disregard of common knowledge duties as an importer is persuasive in determinations of gross negligence. *See United States v. Hitachi America, Ltd.*, 172 F.3d 1319, 1329-30 (Fed. Cir. 1999). Rago Tires was grossly negligent in importing tires with actual knowledge of or wanton disregard against the ADD and CVD Orders enacted by Commerce by which their tires would incur higher duties.

7

First, Rago Tires had been importing bus and truck tires from China for over a year before the ADD and CVD Orders went into effect. Once the Orders went into effect, Rago ceased to import more tires. Further, the original entry summary was prepared ten days after the tires were entered, which meant that the prepared original false entry summary was prepared almost two weeks after Commerce published the orders. Rago Tires' abrupt cessation of its tire importation following the ADD and CVD Orders indicates actual knowledge of the ADD and CVD Orders, and its failure to identify the dutiable portion of the order, without any explanation as to why constitutes wanton disregard against its obligation to pay duties on Entry 9RQ15125606.

Second, Rago Tires, which had a history of importing Chinese tires squarely within the scope of the appliable orders, would have been aware of Commerce's public investigations into the detrimental effect on the American market of the importation of truck and bus tires from China and its previous determinations made in 2016 and 2017. *See* 81 Fed. Reg. 61186; 82 Fed. Reg. 8606. Further, the International Trade Commission's (ITC's) change in position on the harm to the industry caused by importations and truck and bus tires from China was published on January 30, 2019, nearly three weeks before the entry at issue. *See* U.S. INT'L TRADE COMM'N, TRUCK AND BUS TIRES FROM CHINA, INVESTIGATION NOS. 701-TA-556 AND 731-TA-1311 (REVIEW) (2024), 3. Rago Tires, as an established importer of Chinese tires, would have or should have been aware of the common knowledge antidumping and countervailing duties obligations pertinent to its business, including ITC's investigations into the effect of importation of Chinese tires on the American tire industry, and the subsequent Commerce ADD and CVD Orders. Thus, Rago Tires acted with either actual knowledge of or wanton disregard to the

relevant facts of the tire importation industry, and with indifference to or disregard for its obligations to pay the relevant duties as imposed by Commerce and owed to CBP.

**III.     The Court Should Award A Gross Negligence Penalty**

The evidence shows that Rago Tires violated 19 U.S.C. § 1592(a) which resulted in an underpayment of lawful duties owed under Commerce's ADD and CVD Orders.  Therefore, the United States requests a monetary penalty be imposed against Rago Tires for the failure to pay its lawful duties at a gross negligence standard in the amount of $56,435.48 (four times the amount of duties, taxes, and fees for which the United States is or may be deprived).  Rago Tires' failure to account for and incorporate the correct antidumping and countervailing duties on its imports constitutes wanton disregard for its responsibilities as an experienced importer.  Beyond its initial deprivation of the United States of its lawful duties, Rago Tires' failure to respond to any of the pre-penalty notices, penalties, bills, or the complaint indicates further disregard of its statutory responsibilities, and as such, the United States respectfully requests the Court enter default judgment against Rago Tires.

## CONCLUSION

For these reasons, we respectfully request that the Court enter default judgment against defendant Rago Tires, LLC for a grossly negligent violation of 19 U.S.C. § 1592(a) in the amount of $56,435.48, plus post-judgment interest, costs, and other such relief as this Court deems just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director


/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Christopher A. Berridge
CHRISTOPHER A. BERRIDGE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-7392

August 10, 2025                    Attorneys for Plaintiff

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| THE UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-00043 |
| RAGO TIRES, LLC, | ) |
| Defendant. | ) |

## JUDGMENT

On December 10, 2024, the Court entered default against defendant Rago Tires, LLC because it failed to plead or otherwise respond to the complaint filed by plaintiff, the United States. Pursuant to plaintiff's amended motion for entry of judgment pursuant to Rule 55(b) of the Rules of this Court, it is hereby

ORDERED that judgment is entered in favor of the United States against defendant Rago Tires, LLC for a penalty pursuant 19 U.S.C. § 1592(c) in the amount of $56,435.48.

Dated:_____                    _____
   New York, NY                                   JOSEPH A. LAROSKI, JR., JUDGE